# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
WILLIAM SWAFFORD, BAR NO. 11469.

No. 70200

FILED

SEP 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of the Northern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law and recommendation that attorney William Swafford be suspended from the practice of law for one year based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.3 (candor toward the tribunal), RPC 8.4(a) (misconduct: assisting another in violating an RPC), RPC 8.4(c) (misconduct: misrepresentation), and RPC 8.4(d) (misconduct: conduct prejudicial to the administration of justice), to run concurrently with a six-month-and-one-day suspension based on his violation of RPC 1.15 (safekeeping of property). The panel further recommends that Swafford pay to the State Bar the actual costs of the hearing and mailing expenses plus $500 for staff and counsel salaries. The violations relate to Swafford (1) assisting another attorney in violating professional conduct rules concerning conflicts of interest, (2) failing to diligently represent a client in a criminal matter, and (3) overdrawing his IOLTA account.

First, Swafford knowingly assisted another attorney in representing two brothers, Eugene and Alejandro Pardo, with conflicting interests in a criminal matter. At the same time, Swafford failed to

16-29563

diligently represent or communicate with Eugene, who retained Swafford as an attorney. In particular, Swafford allowed the other attorney to handle Eugene's case, including appearing at conferences and hearings and reaching a plea agreement, and Swafford failed to appear at the sentencing hearing after representing to the district court that he would appear on Eugene's behalf.

Second, Swafford's IOLTA account was overdrawn by $27 after two checks totaling $50 were presented for payment. The State Bar contacted Swafford on two occasions about the overdraft, but Swafford did not respond to the first letter, and represented that he would be providing a response to the second letter. However, Swafford failed to provide the State Bar with any substantive response.

Our review of the disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). We therefore "must examine the record anew and exercise independent judgment," but the disciplinary panel's recommendations nonetheless are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar generally has the burden of showing by clear and convincing evidence that an attorney committed the violations charged, *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995), but where, as here, the attorney fails to respond to a complaint, "the charges shall be deemed admitted," SCR 105(2). The issue before this court therefore is the appropriate level of discipline. Swafford did not file an opening brief; therefore, this matter stands submitted for decision on the record. SCR 105(3)(b).

In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Absent mitigating factors, suspension generally is the appropriate discipline for knowingly failing to perform services for a client and engaging in a pattern of neglect that causes potential injury to a client. ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (2015). Here, Swafford lacked diligence in representing Eugene by failing to counsel Eugene, failing to communicate with the district attorney on his behalf, and failing to appear at hearings. Suspension is also warranted absent mitigating factors for Swafford's actions in improperly dealing with client property by overdrawing his IOLTA account, which potentially could cause injury to a client. *See id.* Standard 4.12.

Here, the panel found no mitigating factors, but found Swafford's failure to cooperate in the disciplinary matter and failure to respond to the State Bar's inquiries about the IOLTA overdraft was an aggravating factor. Taking into consideration Swafford's actions, the panel determined that Swafford's mental state, the injury to the legal profession, and the potential injury to his client due to his misconduct warranted a suspension. However, the panel stated that it "did not find that the recommended sanction . . . should be increased because of the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

aggravating factor." We agree with the hearing panel that suspension is the appropriate discipline to protect the public, the courts, and the legal profession. *Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. But we conclude that the duration of the recommended suspensions is excessive considering the nature of the violations. Accordingly, we suspend attorney William Swafford from the practice of law for three months for the violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.3 (candor toward the tribunal), RPC 8.4(a) (misconduct: assisting another in violating an RPC), RPC 8.4(c) (misconduct: misrepresentation), and RPC 8.4(d) (misconduct: conduct prejudicial to the administration of justice), and a consecutive three-month-and-one-day suspension based on the violation of RPC 1.15 (safekeeping of property).[1] Swafford shall pay to the State Bar $500 for staff and counsel salaries plus the actual costs of the disciplinary proceedings and mailing expenses within 30 days of this order. *See* SCR 120(7). The parties shall comply with the relevant provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Pickering

---

[1]Because the total period of suspension exceeds six months, Swafford must petition for reinstatement. SCR 116(a).

DOUGLAS, J., with whom CHERRY, J., agrees, dissenting:

I would approve the recommended discipline in its entirety. Swafford did not respond to the investigative inquiries and did not participate in the disciplinary process after representing that he would be providing a response to the State Bar. Considering the totality of the circumstances and the lack of concern on Swafford's part, a one-year suspension and concurrent six-month-and-one-day suspension are appropriate.

_____, J.
Douglas

I concur:

_____, J.
Cherry

cc:    Chair, Northern Nevada Disciplinary Board
       William A. Swafford
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court